UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PARENTS J.S. AND L.S.,

     Plaintiffs,

v.                                                           Case No: 8:23-cv-2800-CEH-TGW

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA,

     Defendant.

_____

## ORDER

This action comes before the Court on Plaintiffs Parents J.S. and L.S.'s Motion for Summary Judgment (Doc. 17), Defendant School Board of Hillsborough County, Florida's response (Doc. 20), and Plaintiffs' reply. (Doc. 24). After careful consideration, and being fully advised in the premises, Plaintiffs' Motion will be denied.

## I.    FACTS[1]

Plaintiffs are Parents J.S. and L.S. who bring this action on behalf of their child A.H.S. Doc. 1 ¶ 6. Defendant Hillsborough County School Board ("School Board") administers public education in Hillsborough County, Florida. *Id.*

---

[1] The facts are undisputed by Defendant in its response to the Motion for Summary Judgment. Doc. 20 at 4–6.

A.H.S. was enrolled at a Hillsborough County public school for preschool, kindergarten, and first grade for the 2017–2018, 2018–2019, and 2019–2020 school years, respectively. Doc. 1, Ex. A at 52.[2] A.H.S. is entitled to special education services and benefits under the Individuals with Disabilities Education Act ("IDEA"). *Id.* ¶ 7. Under IDEA, she is entitled to a free and appropriate public education through an Individualized Education Plan ("IEP"). *Id.* at 65.

On March 8, 2022, Parents filed an administrative due process complaint. *Id.* at 49. Parents argued that the School Board owed A.H.S. compensatory education and violated IDEA, the Americans with Disabilities Act, and the Rehabilitation Act. *Id.* at 48–49. A twelve-day due process hearing was held before Administrative Law Judge ("ALJ") Brittany O. Finkbeiner of the Florida Division of Administrative Hearings ("DOAH"). *Id.* at 48. On August 29, 2023, the ALJ issued Findings of Fact, Conclusions of Law, and a Final Order ("Final Order"). *Id.* at 48–75. In the Final Order, the ALJ awarded A.H.S. 150 hours of compensatory education and denied all other forms of requested relief. *Id.* at 74.

In November 2023, Plaintiff offered in writing to settle all IDEA and Section 504 claims raised in the DOAH proceedings plus the ADA claims that were not raised in DOAH for $26,752.50. Doc. 17 at 3. Defendant accepted the offer. *Id.*

Parents now bring this action seeking partial reversal of the ALJ's Final Order and enforcement of the Final Order's requirement that the School Board provide

---

[2] Unless noted otherwise, all page number references herein are to the page numbers generated by CM/ECF in the header of each document.

compensatory education to A.H.S. Doc. 1 ¶ 2. The School Board filed an answer (Doc. 15), in which it raises as an affirmative defense that Parents entered a valid oral settlement resolving all the claims in this action. Doc. 15 at 25–26. Parents filed the instant motion for summary judgment seeking to enforce the settlement agreement between the parties. Doc. 17. The School Board responded and Parents replied. Docs. 20, 24.

## II.      STANDARD

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" after reviewing the "pleadings, the discovery and disclosure materials on file, and any affidavits[.]" Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of material fact exists, the Court must consider all the evidence in the light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. *Id.*

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of

3

evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "Only when that burden has been met does the burden shift to the non-moving party." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

"[I]n order to survive summary judgment, the nonmoving party must set forth specific facts showing there is a genuine issue for trial." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 F. App'x 766, 770 (11th Cir. 2020) (citing *Anderson*, 477 U.S. at 249-50). "[U]nsupported 'conclusory allegations' do not suffice." *Middlebrooks v. Sacor Fin., Inc.*, 775 F. App'x 594, 596 (11th Cir. 2019). Likewise, "[a] 'mere existence of a scintilla of evidence' cannot suffice to create a genuine issue of material fact." *Johnson*, 826 F. App'x at 770 (quoting *Anderson*, 477 U.S. at 252).

## III.    DISCUSSION

In their Motion for Summary Judgment, Parents seek an award of $26,752.50 based on the parties' November 2023 settlement agreement. Doc. 17 at 4. Parents argue that the parties entered into a valid oral settlement agreement, which released all the claims that they raise in these proceedings. *Id.* Parents indicate that the School Board does not dispute that there is a valid oral settlement agreement because it admitted as such in its first affirmative defense. *Id.*

In response, the School Board argues that Parents' claims under the complaint are not actionable because they admit that the claims were released pursuant to the parties' settlement agreement. Doc. 20 at 6–7. The School Board also argues that Parents cannot seek relief based upon the settlement agreement because they never

raised this issue in the Complaint. The School Board asserts that Parents are in turn attempting to raise a new theory of liability at summary judgment. The School Board argues that the Court should deny the motion as a result.[3] *Id.*

As a threshold matter, Plaintiffs' Motion for Summary Judgment is procedurally deficient for failing to adhere to the requirements of Federal Rule of Civil Procedure 56(c). Plaintiffs' statement of undisputed facts does not cite to any evidence in the record. Doc. 17 at 2–3. Additionally, Plaintiffs alleged undisputed statement of facts contains facts that Defendant disputes. Doc. 20 at 4–6. The Court could deny summary judgment on this basis alone. *See Magalhaes v. Moore Prop. Mgmt., LLC*, No. 2:21-CV-19-SPC-NPM, 2021 WL 1428314, at *2 (M.D. Fla. Apr. 15, 2021) ("Failure to follow this procedure is grounds alone for dismissing a motion for summary judgment without prejudice."). However, the Court will address the merits of Plaintiffs' argument.

"At the summary judgment stage, the assertion of an additional, separate basis for entitlement to relief is a fundamental change that requires amendment of the complaint under Fed. R. Civ. P. 15(a). This is so because liberal pleading does not require that ... defendants must infer all possible claims that could arise out of the facts set forth in the complaint." *Colardo-Keen v. Rockdale Cnty., Georgia*, 775 F. App'x

---

[3] The School Board also argues that Parents' realization that they released their claims via a settlement should result in dismissal of the case. Doc. 20 at 7. The School Board reasons that the settlement raises the question of whether there is a live controversy and whether this Court has jurisdiction over the matter. *Id.* at 9. The School Board has indicated that it will raise this issue with the Court through a separate filing. *Id.* Thus, the Court does not consider it here.

555, 571 (11th Cir. 2019) (citation modified). "Plaintiffs cannot raise a new theory of liability at summary judgment." *Cont'l 332 Fund, LLC v. Kozlowski*, No. 2:17-CV-41-SPC-MRM, 2020 WL 2573292, at \*2 (M.D. Fla. May 21, 2020), *aff'd sub nom. Cont'l 332 Fund, LLC v. Albertelli*, 2021 WL 3184586 (11th Cir. July 28, 2021).

The School Board is correct that Parents cannot seek a form of relief at summary judgment, that was not raised in their complaint. The Complaint does not assert any causes of action concerning the oral settlement. Thus, it is improper for Parents to ask for this form of relief in a motion for summary judgment, without amending their complaint. Although a "court may dispose of affirmative defenses by summary judgment," here, Parents do not seek to dispose of the School Board's defense that Parents' entered into a valid oral agreement. *See State Farm Mut. Auto. Ins. Co. v. LaRocca*, 685 F. Supp. 3d 1354, 1360 (M.D. Fla. 2023). Rather, Parents admit that there is a valid oral settlement agreement releasing all the claims that they raise in these proceedings and they seek affirmative relief, $26,752.50, based on Defendant's affirmative defense. Accordingly, to the extent that the motion for summary judgment is based on a November 2023 settlement agreement, a claim not raised in the Complaint, the motion is due to be denied.

In their reply, Parents ask the Court to alternatively grant summary judgment in favor of the School Board providing 150 hours of compensatory education to A.H.S. or convene a settlement conference with the parties per Federal Rule of Civil Procedure 16.

The Court will not consider grounds for summary judgment that a party raises for the first time in a reply. *See Herring v. Sec'y. Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, 'arguments raised for the first time in a reply brief are not properly before a reviewing court.'"). In their Motion for Summary Judgment, Parents only ask that summary judgment be granted based on the oral settlement agreement between the parties. Accordingly, Parents' new ground for summary judgment raised in its reply will not be considered.[4]

Accordingly, it is hereby **ORDERED:**

1. Plaintiffs' Motion for Summary Judgment is **DENIED,** as Plaintiffs seek summary judgment on a claim not raised in their Complaint.

2. Given the parties' briefing on the Plaintiffs' Motion for Summary Judgment, the Court orders the parties to mediate this case. Within fourteen (14) days, the parties shall file a joint notice identifying the mediator and the date of the mediation hearing.

**DONE** and **ORDERED** in Tampa, Florida on March 23, 2026.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties

---

[4] Defendant did not file a cross motion for summary judgment and the Court declines to convert Defendant's response into a motion for summary judgment.